UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID AARON, | ) CASE NO. 3:07 CV 1038 |
| Plaintiff, | ) |
| | ) CHIEF JUDGE JAMES G. CARR |
| vs. | ) |
| ADECCO USA, INC., | ) OPINION AND ORDER |
| Defendant. | ) |

Pro se plaintiff David Aaron filed this in forma pauperis action on April 9, 2007 against Adecco USA, Inc. ("Adecco"). Mr. Aaron asserts this court's jurisdiction, as follows: "Jurisdiction (e.g. 42 U.S.C. § 1983 - - Civil Rights; 42 U.S.C. § 2000e - - Title VII - - Discrimination." (Compl. at 1.) He seeks $25,000.00 in compensatory damages and punitive damages totaling 85% of the "company gross."

BACKGROUND

Mr. Aaron describes Adecco as an employment staffing company. He claims he was "hired" by the company on August 12, 2006 "and was "terminated on August 26, 2006 by this employment staffing company whom gave me a position at K&K Interiors Inc. Warehouse located

at 2230 Superior St.[,] Sandusky[,] OHIO Erie Co."[1] (Compl. at 1.) Mr. Aaron "found . . . [himself] to be in the position to take on job placement with this agency" after K&K fired two long term employees. (Compl. at 1-2.)

It was after working at K&K for "3 days when Kyle the owner started to come on to me wich [sic] I liked [sic] he viewed his body parts and gave sinser [sic] exspression [sic] towards me as if he was intrested [sic] in sexual conduct. [A]fter 9 days of employment I was found to be of no use by K&K Interiors and was told by Addeco [sic] USA Inc. I would have further place-ment [sic]." (Compl. at 2.) In fact, he claims that after he "was told on August 26, 2006[,] the day I was terminated[,] that on Monday [sic] August 29, 2006 I would be emidiately [sic] place[d] at another job site[.] Dianne Blubaugh found injustice due to race and trying to condem [sic] my character with the rest of the comunity [sic] because I was atracted [sic] to guys."[2] (Compl. at 2.)

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319

---

[1] The court takes note that there are discrepancies with regard to the dates and time periods within which Mr. Aaron claims he was employed with K&K. Because the court cannot resolve these discrepancies without altering the facts alleged it will just directly quote the dates as set forth in his complaint.

[2] In 2006, August 29th was on a Tuesday, therefore if the court is to accept the dates Mr. Aaron alleges he was terminated on Saturday, August 26th.

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without
(continued...)

2

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*42 U.S.C. § 1983*

This action lacks an arguable basis in law. To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States. Baker, 443 U.S. at 140.

Mr. Aaron's complaint is devoid of any allegation that the defendant violated a right protected by the Constitution, or acted under color of state law in the process. Without more, he has failed to state a claim under §1983.

*42 U.S.C. § 2000e*

---

(...continued)
service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In cases such as the present one wherein an employment agency was involved, Title VII provides:

> It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin

42 U.S.C. § 2000e-2(b).  As is evident from the above-quoted language, sexual orientation is not a prohibited basis for discriminatory acts under Title VII regardless of the defendant.  The Supreme Court has held, however, that same-sex harassment is actionable under Title VII under certain circumstances. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 82 (1998); see also Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1063 (9th Cir.2002) (en banc) ("[S]exual orientation is irrelevant for purposes of Title VII.  It neither provides nor precludes a cause of action for sexual harassment.").  The Court explained that "Title VII prohibits 'discriminat[ion] ... because of ... sex' in the 'terms' or 'conditions' of employment. Our holding that this includes sexual harassment must extend to sexual harassment of any kind that meets the statutory requirements." Oncale, 523 U.S. at 79-80.  Therefore, any claim Mr. Aaron seeks to assert under Title VII is limited to claims of sexual harassment based on his sexual orientation.

There is not a single allegation that Mr. Aaron was sexually harassed by anyone at

4

Adecco. In fact the only incident which may have implicated his sexual orientation allegedly involved the owner of K&K and not Adecco or any of its employees. Moreover, Mr. Aaron contends he did not find the incident with the K&K owner to be of a harassing nature. Because homosexuals are neither a protected class under Title VII nor has Mr. Aaron alleged any facts that he was harassed because of his sexual orientation, he cannot sustain a claim under Title VII.

Accordingly, plaintiff is granted leave to proceed in forma pauperis and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.